DA 07-0485

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 235N

DONALD NISSEN,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC - 93-10860
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Donald Nissen, Pro Se, Deer Lodge, Montana

      For Appellee:

        Hon. Mike McGrath, Montana Attorney General; Colleen E. Ambrose,
Special Assistant Attorney General, Helena, Montana

        Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  May 14, 2008

Decided:  July 2, 2008

Filed:

_____
             Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Donald Nissen ("Nissen") pled guilty to issuing bad checks in violation of § 45-6-316, MCA.  He was sentenced to serve ten years in Montana State Prison, with two years suspended, and to pay $750.41 in restitution.  Nissen discharged his sentence in 2000, and was released from custody.  He still owed $695.42 in restitution.  Several years later, Nissen was incarcerated again on unrelated charges.  Since then, the Department of Corrections ("DOC") has withheld more than $162.17 from Nissen's prison wages for payment towards his outstanding restitution obligation.  Nissen moved the District Court to clarify his restitution obligation arising from his first conviction, and to order the DOC to return the garnished wages.  The District Court held that the DOC had the authority to garnish his wages to satisfy his outstanding restitution obligation.

¶3    On appeal, Nissen argues that when he discharged his original sentence, his restitution obligation was also extinguished.  He further asserts that the DOC was not statutorily authorized to collect restitution from him by garnishing his wages.  We considered and rejected identical arguments in *State v. Brown*, 2008 MT 115, 342 Mont. 476, 182 P.3d 75.  Nissen's obligation to repay his victims in full was not extinguished

when he discharged his prison sentence. *Brown*, ¶ 19. Under § 46-18-244(6)(a), MCA, the DOC is authorized to garnish Nissen's prison wages to satisfy his outstanding restitution obligation. *Brown*, ¶¶ 24-25.

¶4     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted. The District Court correctly concluded that Nissen must repay his restitution obligation in full, though he has already discharged his prison sentence. The court also correctly held that, under § 46-18-244(6)(a), MCA, the DOC has the authority to collect unpaid restitution by garnishing Nissen's wages. We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS

3